**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOES 1-4,

Plaintiff - Appellant,

v.

UNITED STATES ATTORNEY OFFICE,
DISTRICT OF NEVADA,

Defendant - Appellee.

No. 09-17409

D.C. No. 2:09-cv-01083-KJD-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted December 17, 2010
San Francisco, California

Before: NOONAN, PAEZ, and BEA, Circuit Judges.

Four anonymous "Doe" commentators on a newspaper's Internet message

board challenge two subpoenas seeking identifying information for commentators

on the Las Vegas Review-Journal's May 26, 2009 article. The district court found

that Does 1-4's action was moot and, alternatively, that there was no set of facts

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

supporting Does 1-4's First Amendment claims. We do not reach the First Amendment claims because we decide the case on standing and mootness grounds.

We review de novo whether a party has standing. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009). "Questions of standing . . . may be raised and considered for the first time on appeal, including sua sponte." *Id.* We also review de novo the district court's decision to grant a motion to dismiss for mootness. *Stop H-3 Ass'n v. Dole*, 870 F.2d 1419, 1423 (9th Cir. 1989).

We conclude that Does 1-4's challenge to the first subpoena is moot. The Las Vegas Review-Journal did not comply with that subpoena, and the subpoena no longer has any effect. Therefore, there is no harm to remedy. *See Earth Island Inst. v. United States Forest Serv.*, 442 F.3d 1147, 1157 (9th Cir. 2006) (internal quotations omitted), *abrogated on other grounds by Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

We also conclude that Does 1-4 lack standing to challenge the second subpoena. Does 1-4 fail to establish that they authored either of the two comments targeted by that subpoena. Therefore, Does 1-4 have not shown that they suffered an injury in fact sufficient to confer standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

**AFFIRMED.**

2